**HARNISCHFEGER CORPORATION,**
Plaintiff,

v.

**MILLER ELECTRIC MANUFACTURING COMPANY, Defendant.**
Civ. A. No. 6353.

United States District Court
E. D. Wisconsin.
Aug. 17, 1955.

**4**

Lines, Spooner & Quarles, by David A. Fox, Milwaukee, Wis., for plaintiff.

Elwin A. Andrus, Andrus & Sceales, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This action is brought for alleged infringement upon the certain United States Letters Patent No. 2,535,154. The relief prayed for is an accounting of damages, that such damages be increased to a value "not exceeding three times actual damages," attorneys fees and costs, an injunction both permanent and *pendente lite,* and such other relief as plaintiff may be entitled to. The defenses set up are a denial that the Letters Patent were duly or legally issued; that the defendant has not and does not infringe on the Letters Patent; that the Letters Patent are invalid for various reasons, among them that the invention was known and used by others in this country before the invention or application for patent and were also in public use and sale in this country more than a year prior to the date of the application, that the applicant for the patent did not himself invent the subject matter patented, that before the alleged invention by the applicant for said patent, the invention was made in this country by others who had not abandoned, suppressed or concealed it, that the differences between the subject matter patented and the prior art were such as would have been obvious at the time of the alleged invention to a person of ordinary skill in the art; that the specification in the Letters Patent is vague, ambiguous and does not comply with the Code; that the claims do not particularly point out and distinctly claim subject matter as required by the Code; that the drawing is incorrect and fails to illus-

trate an embodiment of the invention and therefore fails to comply with the Code; that by reason of proceedings in the Patent Office, the patentee and plaintiff are estopped from maintaining that the patent is of such scope as to cover the device manufactured and sold by defendant; defendant lists patents "now known to it to be relied upon as anticipation of patent * * * in suit."

As evidenced by the foregoing, the issues are extremely broad.

A deposition or depositions have been taken and interrogatories have been submitted and answered. In these interrogatories T. W. Korb, Secretary and Treasurer of the plaintiff, refers to many if not all of the documents sought by the defendant under a subpoena duces tecum in connection with the proposed deposition of Mr. Korb. The matter is now before the Court on the motion of the plaintiff for an order modifying the subpoena by striking therefrom the portion requiring the witness Korb to produce the things listed in Exhibit A attached to the motion papers and suspending the call of the subpoena pending the outcome of the motion.

■ Rule 45(d) (1), 28 U.S.C.A., provides that the subpoena may direct the production of books, papers, documents or tangible things which contain evidence relating to any of the matters within the scope of examination permitted by Rule 26(b). It is also subject to subdivision (b) of Rule 30 and subdivision (b) of Rule 45. Subdivision (b) of Rule 45 provides for the issue of such a subpoena and permits motions to quash or modify it if unreasonable and oppressive. Subdivision (b) of Rule 30 provides in part for the limitations on taking depositions. Rule 26(b) provides that the deponent may be examined regarding any matter not privileged which is relevant to the subject matter involved in the pending action or relates to the claim or defense, including the existence of books, documents and other tangible things. "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 34 providing for the production of documents for inspection, etc., provides for the production, inspection, copying or photographing of any documents, papers or objects "not privileged" which constitute or contain evidence relating in any manner to the matters within the scope of examination permitted by Rule 26(b). Therefore, the tests here to be applied are: Is the matter privileged? Is it relevant to the subject matter, either relating to the claim or the defense? If it is not privileged and if it is relevant, then it is not ground for objection that the testimony will be inadmissible on the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.

■ These rules for depositions and discovery and production of documents are to be liberally construed in order that each party be permitted to inform itself thoroughly as to the claims and defenses of the opponent, and as far as practically possible, to eliminate the element of surprise on the trial.

The issues in the pleadings as above set forth are also extremely broad. At this stage of the proceedings and before trial, it would be extremely difficult for the Court to finally rule on the admissibility at the trial of many of the things requested.

With these standards in mind, we turn to the matters listed on Exhibit A attached to the subpoena.

■ 1(1) (a), (b) and (c). Objection is made to the production of the documents called for on the ground that they relate to items not covered by the patent; that if the patent is declared invalid, plaintiff has been required to give to a competitor trade secrets. The contention of the defendant in this respect and with respect to many of the items hereafter referred to is that machines prepared pursuant to these draw-

ings have been sold and are in use and that at great expense the defendant could procure such machines and by calibration and measurements prepare drawings which might not be as accurate as the originals and would not be as satisfactory to the Court in passing upon the questions involved. The Court cannot say that the items called for in this respect are not relevant to the issues raised, particularly by the answer, and might not lead to other evidence which is relevant. Plaintiff's motion as to 1(1) (a), (b) and (c) is hereby denied.

As to items referred to in 1(2) (a), (b) and (c), the contention of the plaintiff is that that data is immaterial or not relevant. The Court is unable to say in view of the broad issues that these items are not relevant or material or would not lead to evidence that was relevant or material. Plaintiff's motion as to 1(2) (a), (b) and (c) is hereby denied.

At the time of the oral argument plaintiff withdrew the objections to the following: 1(3), 1(4) and 1(5). Therefore, plaintiff's motion as to those items is denied.

As to items 1(6) (a), (b), (c), (d), (e), (f) and (g), the Court is similarly unable to say at this time that such items are not relevant or not material and do not come under the tests. Plaintiff's motion as to such items is denied.

■ As to the items referred to in 1(7) (a), (b) and (c), these three refer to defendant's machines setting forth the model numbers and serial numbers. Assuming the accuracy of those descriptions of model numbers and serial numbers, plaintiff's motion is granted upon the ground that the defendant is chargeable with knowledge as to its own machines thus particularly described. This ruling is not meant to foreclose defendant from further questioning of the witness as to model numbers and serial numbers of the three machines in question in order that the defendant may be certain that no error has been made in model numbers or serial numbers.

■ As to items covered by 1(7) (d) and (e), the machine referred to in (d) is without serial number and referred to in the deposition of Niels C. Miller. Because of that lack of identification, plaintiff's motion as to that item is denied. As to the item referred to in 1(7) (e), the description is not as accurate as that in 1(7) (a), (b) and (c). The Court feels that the defendant is entitled to identification of such machines and should be permitted to inspect them for that purpose.

As to item No. 2, plaintiff stated on the oral argument that there was no objection insofar as that item related to the patent or the improvements on the patent, and counsel on the oral argument stated that they could get together and agree upon item No. 2. For that reason plaintiff's motion as to item 2 is denied without prejudice in case counsel fail to agree.

With reference to item No. 3, on the oral argument plaintiff objected to the production of the drawings called for only. The Court is unable to say at this time that said drawings are not relevant to the issues raised or might not lead to other evidence which is relevant or material. Plaintiff's motion as to item No. 3 is denied.

With reference to item No. 4, objection to part of these items was withdrawn at the time of the oral argument. Here again the Court is not able to rule at this time that the remaining material asked for is not relevant or material to the issues or would not lead to relevant and material evidence. Therefore, plaintiff's motion with reference to item No. 4 is denied.

Plaintiff's objection to item No. 5 was withdrawn on the oral argument. Therefore, the motion with reference to said item is denied.

With reference to item No. 6(A) and (B), the Court is unable to see at this time how the data covered thereby is relevant or material in this case. Therefore, plaintiff's objection to those items

is sustained but without prejudice. Defendant to examine further orally at the time of the deposition in those respects, and if it appears from what occurs on said examination that the situation is different than the Court now believes it to be, defendant may then, upon a new and different showing, renew its request for their production.